```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
COVINA 2000 VENTURES CORP. and GEORGE   :
BROTHERS INVESTMENT CO. LTD,            :
                       Plaintiffs,      :    06 Civ. 15497 (DLC)
                                        :
               -v-                      :    MEMORANDUM OPINION
                                        :         AND ORDER
MERRILL LYNCH, PIERCE, FENNER & SMITH,  :
INC. and IRENE S. NG,                   :
                       Defendants.      :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

Defendant Irene Ng ("Ng") has moved to compel arbitration and to stay the claims pending in the arbitration.  The motion is granted.

Ng is a former employee of defendant Merrill Lynch Pierce Fenner & Smith, Inc. ("Merrill Lynch").  While working at Merrill Lynch, Ng was an investment advisor for the plaintiffs' Merrill Lynch accounts.  The complaint alleges that she made unauthorized transfers from the plaintiffs' accounts to unidentified persons.  There is an arbitration clause in the agreements between plaintiffs and Merrill Lynch.  As a disclosed agent, Ng seeks to take advantage of that clause and force arbitration of the claims against her; Merrill Lynch has not sought arbitration.

Plaintiffs resist arbitration on the ground that Ng has waived her right to compel arbitration.  The complaint was filed

on December 22, 2006.  A schedule was set for the litigation at the initial conference of March 9, 2007.  Ng did not indicate at that time that she sought arbitration, although the issue of arbitration was discussed.  On March 14, a stipulation was filed permitting the filing of an amended complaint in order to dismiss a non-diverse plaintiff.  That same day, plaintiffs filed an amended complaint.  On April 3, Ng filed her motion to compel in lieu of an answer.  Waiting until April 3 to give notice of an intent to arbitrate did not waive Ng's right to arbitration.  Plaintiffs have not shown that either the amount of time that has elapsed since the commencement of the litigation or the amount of litigation is sufficient to allow a finding of waiver.  See In re Crysen/Montenay Energy Co., 226 F.3d 160, 163 (2d Cir. 2000).

Plaintiffs next contend that Ng has no right to insist on arbitration unless Merrill Lynch also requests arbitration.  The parties do not dispute that a non-signatory agent may move to compel arbitration.  See Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1360 (2d Cir. 1993).  As the Second Circuit has explained, "employees or disclosed agents of an entity that is a party to an arbitration agreement are protected by that agreement."  Id.  If that were not so, "it would be too easy to circumvent [arbitration] agreements by naming individuals as defendants instead of the entity Agents themselves."  Id.  Plaintiffs'

contention that Ng's demand for arbitration must be held hostage to a demand by Merrill Lynch for arbitration is rejected.

CONCLUSION

Ng's motion of April 3, 2007 to compel arbitration is granted. The plaintiffs' claims in this lawsuit against Ng are stayed.

SO ORDERED:

Dated:   New York, New York
         July 26, 2007

                              _____
                                     DENISE COTE
                              United States District Judge